1
2
3
4
5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF CALIFORNIA

7

8   AMANDA TERESA BONILLA AMAYA,          No.  1:26-cv-01393-KES-SKO (HC)

9              Petitioner,
                                          ORDER GRANTING PETITION FOR WRIT
10        v.                              OF HABEAS CORPUS IN PART

11  CHRISTOPHER CHESTNUT, Warden,         Doc. 1
    California City Correctional Center;
12  KRISTI NOEM, Secretary of the United
    States Department of Homeland Security,
13  PAMELA BONDI, Attorney General of the
    United States, acting in their official
14  Capacities; MOISES BECERRA, in his
    official capacity as Field Office Director of
15  Immigration and Customs Enforcement,
    Enforcement and Removal Operations,
16
17             Respondents.
18

19
20          Petitioner Amanda Teresa Bonilla Amaya is an immigration detainee proceeding with a

21  petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The

22  Court has previously addressed the legal issues raised by claim one of the petition.  *See, e.g.*,

23  *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal.

24  Nov. 10, 2025); *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507

25  (E.D. Cal. Jan. 6, 2026); *Omer G.G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL

26  3254999 (E.D. Cal. Nov. 22, 2025).

27          The Court set a briefing schedule on the petition and ordered respondents to show cause as

28  to whether there are any factual or legal issues in this case that distinguish it from the Court's

1

1    prior orders and that would justify denying the petition.  Doc. 4.  Respondents state that the

2    Court's prior orders "involve individuals detained after entering the United States who were then

3    granted humanitarian parole into the United States, like Petitioner here."  Doc. 8 at 8.  "In each

4    case, this Court found that the petitioners possessed a strong liberty interest."  *Id.*  Respondents

5    "agree that the factual and legal issues present here are not substantively distinguishable to the

6    aforementioned cases[.]"  *Id.*  While respondents oppose the petition, they do not raise arguments

7    that were not addressed in those prior orders.  *See id.* at 1–11.

8           As respondents have not made any new legal arguments and have not identified any

9    factual or legal issues in this case that would distinguish it from the Court's prior decisions in

10   *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal.

11   Nov. 10, 2025), *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507

12   (E.D. Cal. Jan. 6, 2026), and *Omer G.G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025

13   WL 3254999 (E.D. Cal. Nov. 22, 2025), the petition for writ of habeas corpus is GRANTED in

14   part as to claim one, for the reasons addressed in those prior orders.[1]

15          Respondents are ENJOINED AND RESTRAINED from continuing to detain petitioner

16   unless they demonstrate, within seven (7) days of the date of this Order, by clear and convincing

17   evidence at a bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger

18   to the community such that his physical custody is legally justified.

19          Respondents shall file a status report within ten (10) days of the date of this Order,

20   confirming whether a bond hearing was held and, if so, the outcome of that hearing.

21          The Clerk of Court is directed to close this case and enter judgment for petitioner.

22

23   IT IS SO ORDERED.

24      Dated:   February 19, 2026

         _____
25                                         UNITED STATES DISTRICT JUDGE

26

27   _____

28   [1] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks
     based on the Court's ruling on claim one.

                                            2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28